IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio Calderon, Victor Velazquez, Francisco Javier Virrey Barrazas, Miguel Jaimes and Juana Martinez, on behalf of themselves and other persons similarly-situated-situated, known and unknown,<br><br>     Plaintiffs,<br><br>v.<br><br>Starfish Transportation, Inc. and Steven Cordell, individually,<br><br>     Defendants. | Case No. 26-cv-0024 |

## COMPLAINT

Plaintiffs Antonio Calderon, Victor Velazquez, Francisco Javier Virrey Barrazas, Miguel Jaimes and Juana Martinez, and all other persons similarly situated, known and unknown (collectively "Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP, for their Complaint against Starfish Transportation, Inc. ("Starfish") and Steven Cordell (collectively "Defendants"), individually, state as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA"), for failure to pay at least the minimum wage for all hours worked in that Defendants failed to pay Plaintiffs for several weeks.

1

## JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 29 U.S.C. §1331 which confers jurisdiction for matters arising out of Federal law. 28 U.S.C. §1367 grants supplementary jurisdiction for Plaintiffs' Illinois statutory and common-law claims.

## THE PARTIES

3. At all relevant times herein, the Plaintiffs resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants Starfish, Inc. and Steven Cordell as "employees" as defined by the FLSA, IMWL and IWPCA.

5. Plaintiffs worked for Defendants for different periods of time between 2019 and June 2024.

6. During the course of their employment, Plaintiffs worked for at a jurisdiction and location in Illinois.

7. Plaintiffs worked for Defendants as school bus and charter drivers. They transported school-age children during the regular school year from August 15th to June 15th from neighborhood bus stops to their schools; drove students to and from field trips typically running from approximately 9:00 a.m. to 2:00 p.m.; returned students from their schools to their bus stops at the end of the school day; and provided transportation to after-school events and athletic activities during weekday evenings and weekends.

8. At all relevant times herein, Defendants Starfish and Steven Cordell were the Plaintiffs' "employers" as that term is defined by the FLSA, IMWL and IWPCA.

9. Defendant Starfish is a corporation organized under the laws of the State of

2

Illinois, with its principal place of business within this judicial district.

10. Defendant Steven Cordell was involved in the day-to-day business operation of Defendant Starfish and had the authority to hire and fire persons employed by Defendant Starfish, including the Plaintiffs; to direct and supervise the work of Defendant Starfish, Inc.'s employees; to sign on Defendant Starfish's checking accounts, including payroll accounts; and to make decisions regarding employee compensation and capital expenditures.

11. Defendants failed to pay Plaintiffs all earned wages despite assurances by Defendant Steven Cordtell by text and verbally, that he would eventually pay the outstanding wages owed.

12. Plaintiff Antonio Calderon worked for Defendants from August 15, 2021, through June 15, 2024. During all regular work weeks, he worked from 6:00 a.m. to 6:00 p.m. and occasionally chartered school-age students on weekends. Plaintiff accumulated approximately $16,652.00 in unpaid wages.

13. Plaintiff Victor Velazquez worked for Defendants from August 15, 2019, through June 15, 2024. During all regular work weeks, he worked from 6:00 a.m. to 6:00 p.m. and occasionally chartered school-age students on weekends. Plaintiff accumulated approximately $13,000.00 in unpaid wages.

14. Plaintiff Francisco Javier Virrey Barrazas worked for Defendants from August 15, 2021, through June 15, 2024. During all regular work weeks, he worked from 6:00 a.m. to 6:00 p.m. and occasionally chartered school-age students on weekends. Plaintiff accumulated approximately $19,000.00 in unpaid wages.

15. Plaintiff Miguel Jaimes worked for Defendants from August 15, 2023, through June 15, 2024. During all regular work weeks, he worked from 6:00 a.m. to 6:00 p.m.

and occasionally chartered school-age students on weekends. Plaintiff accumulated approximately $15,000.00 in unpaid wages.

16. Plaintiff Juana Martinez worked for Defendants on or around November 1, 2023, through June 15, 2024. During all regular work weeks, he worked from 6:00 a.m. to 6:00 p.m. and occasionally chartered school-age students on weekends. Plaintiff accumulated approximately $14,000.00 in unpaid wages.

17. Upon information and belief, Defendants also required other individuals similarly situated to named Plaintiffs to work the same work schedule during a regular school year.

18. Defendants failed and have refused to pay Plaintiffs their earned wages for a prolonged period of time.

19. Upon information and belief, Defendants have also failed and refused to pay other individuals similarly situated to all named Plaintiffs their earned wages.

## COLLECTIVE AND CLASS ALLEGATIONS

**Fair Labor Standards Act**

20. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present employees similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* Count One alleges a willful violation of the FLSA and seeks an additional, third year of limitations based on this. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USC Section 216(b), and supporting case law.

**Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act**

21. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count II of this action is brought by Plaintiffs to recover unpaid wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

22. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS Section 1155/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid final compensation including wages and accrued vacation earned on or after the date three (5) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

23. Plaintiffs will seek to certify a class of all similarly situated employees who were similarly denied final compensation.

24. The IMWL class proposed by Plaintiffs consists of all current and former employees of Defendants who were not paid at all for some portion of the hours they worked for the three years preceding the filing of the Complaint.

25. The IWPCA class proposed by Plaintiffs consists of all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties for the five years preceding the filing of the Complaint, through and including the present.

**COUNT I**
**Violation of the Fair Labor Standards Act - Minimum Wages**

26. Plaintiffs incorporate and re-allege paragraphs 1 through 25 of this Complaint as though fully set forth herein.

5

27. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay Plaintiffs at least the minimum wage for all hours worked.

28. During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

29. During the course of Plaintiffs' employment with Defendant, Plaintiffs worked as school bus and charter bus drivers.

30. Defendants never paid Plaintiffs for several weeks' wages they earned.

31. By not paying Plaintiffs for all hours worked, Defendants failed to pay Plaintiffs the minimum wage for all time worked in violation of the FLSA, 29 U.S.C. § 206.

33. Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked in individual work weeks.

34. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

35. Plaintiffs are also entitled to liquidated damages in an amount equal to the amount they are owed as unpaid wages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. Award Plaintiffs and similarly situated workers who file written consent to sue a judgment in the amount of Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

    B. An amount equal to their unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216(b);

    C. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate;

    D. Award Plaintiff and the Class reasonable attorneys' fees, costs, and

litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

E. Order such further and additional relief as this Court deems just and proper.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Minimum Wages

36. Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 et seq., for failure to pay Plaintiffs at least the minimum wage for all hours worked.

38. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

32. During the course of Plaintiffs' employment with Defendant, Plaintiffs worked as school bus and charter bus drivers.

33. Defendants never paid Plaintiffs for varying amounts of time they worked.

34. By not paying Plaintiffs for all hours worked, Defendants failed to pay Plaintiffs the minimum wage for all time worked and violated the IMWL, 820 ILCS 105/1 .

35. Under the IMWL 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

36. Plaintiffs are also entitled to treble damages in an amount equal to the amount they are owed as unpaid wages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Award Plaintiffs and similarly situated workers a judgment in the amount of Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

B. Award Plaintiffs treble damages of the amount of unpaid wages pursuant to 820 ILCS 105/12;

C. Award Plaintiffs penalties in the amount of 5% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

D. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 820 ILCS 105/12;

E. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate; and

F. Order such further and additional relief as this Court deems just and proper.

**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act –Unpaid Wages**
**(Plaintiffs individually, and behalf of a class)**

37. Plaintiffs re-allege and incorporate paragraphs 1- 36 as if set forth herein.

38. This count arises from Defendants' violation of the IWPCA for Defendants' failure and refusal to pay Plaintiffs and the class they represent their earned wages for all time worked at the rate agreed by the parties.

44. During the course of their employment with Defendants, Plaintiffs were not compensated for all time worked in certain pay periods.

45. Plaintiffs and the Class Members were entitled to be paid for all time worked at the rate agreed to by the parties.

46. Defendants' failure to pay Plaintiffs and the Class Members for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 820 ILCS 115/14;

8

    C.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    D.    Such further relief as this Court deems appropriate and just.

> Respectfully submitted,
> /s/     Jorge Sanchez
> One of Plaintiffs' attorneys

Alonzo Rivas
Baldemar Lopez
Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
arivas@lopezsanchezlaw.com
blopez@lopezsanchezlaw.com
jsanchez@lopezsanchezalaw.com

Dated: January 1, 2026